UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC SKYROCKET, LLC, A Michigan limited liability company,<br><br>                          Plaintiff,<br><br>     v.<br><br>SUPERSKYROCKET, LLC, a California limited liability company; MARYANN ELIZABETH KINGSLEY, a.k.a. MARYANN HONN, an individual; and RICHARD HONN, an individual,<br><br>                         Defendants. | Civil No.   06-CV-1765 R (CAB)<br><br>**ORDER:**<br>**(1) REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY INDIVIDUAL DEFENDANTS; AND**<br><br>**(2) EXTENDING DATES RELATED TO THE *ALTER EGO* ISSUE TRIAL** |

      On March 28, 2007, the Court held a telephonic conference regarding plaintiff TC Skyrocket LLC's motion to compel production of financial documents by defendants Maryann Kingsley and Richard Honn ("the individual defendants"), and plaintiff's request for an extension of case management dates. Paul Metsch, Esq., and Tom Landers, Esq., appeared for plaintiff. Patrick McCollogh, Esq., appeared for defendants.

      This case arises out of a contract dispute between plaintiff TC Skyrocket LLC and defendant Superskyrocket LLC ("the defendant entity"). Defendants Kingsley and Honn were members and officers of the defendant entity. Plaintiff alleges the individual defendants are the *alter egos* of the defendant entity. The Case Management Order entered on November 16, 2006, bifurcated the *alter ego* issue, set it for trial on June 12, 2007, and stayed all discovery other than that related to the *alter ego*

allegations.

### I. Plaintiff's Motion to Compel Production of Documents

Plaintiff's motion to compel production of documents is granted in part and denied in part. Plaintiff served requests for financial information on the defendant entity and the individual defendants and subpoenaed bank records for each defendant. Defendants Kingsley and Honn served relevance and privilege objections to the requests for their financial information and objected to the production of their bank records on the same grounds.

The individual defendants' financial information is relevant to the *alter ego* determination. "Among the factors to be considered in applying the [*alter ego*] doctrine are commingling of funds and other assets of the two entities..., identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 411 (1971). Defendants are therefore ordered to produce their tax returns starting with the year 2002 up to and including all returns filed as of April 17, 2007. Defendants are further ordered to produce any asset disclosures or financial statements prepared since January 2002. In consideration of the defendants' privacy concerns, **all documents ordered to be produced by this ORDER are for ATTORNEYS' EYES ONLY pursuant to the protective order filed in conjunction with this order.** The responsive documents are to be served no later than **April 17, 2007**. The objections to the subpoenas for the defendants' bank records are sustained without prejudice. Plaintiff may renew its requests if the produced documents provide good cause to do so.

### II. Revised Scheduling Order re *Alter Ego* Issue

Plaintiff also requested an extension of the case management dates due to delays in obtaining needed discovery. The Court finds the request made in good faith and therefore enters the following modified case management order:

1. All discovery, including experts, shall be completed by all parties on or before **June 29, 2007**.

"*Completed*" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by

the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

2.  Parties or their counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **July 9, 2007.**.

3.  All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **July 9, 2007**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

4.  Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before **July 16, 2007.** At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

5.  The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **July 23, 2007**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

6.  The final pretrial conference shall be held before the **Honorable John S. Rhoades,** United States District Court Judge, on **July 30, 2007**, at **2:00 p.m.**

7.  The trial in this matter shall commence on **August 20, 2007,** at **9:00 a.m.**

8.  All corresponding dates are VACATED. All other dates remain the same.

9. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

DATED: March 29, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge